No. 6751.

JOHN P. COUSINS vs. H. L. KELSEY AND WIFE.

A claim for the recovery of an irregular deposit is only prescribed by ten years.

Money received by the wife, as a deposit, with the knowledge and consent of the husband, constitutes a debt of the community, for which he is liable.

APPEAL from the Sixth District Court for the parish of Orleans. Saucier, J.

*L. E. Simonds* for Plaintiff and Appellant:

First—Defendant pleads simply the general denial. He sets up no claim in reconvention, compensation or otherwise.

Second—The only issue of fact to be decided is : Did plaintiff deposit with Mrs. Kelsey as much as $1140 ? This is proved by plaintiff, and corroborated, independently of the admission of Mrs. Kelsey. Much more than $1140 is proved.

Third—When the wife acts as agent of the husband or of the community, her admissions in connection therewith may be proved, and are binding, although she cannot be sworn as a witness.

Fourth—A claim for money deposited is prescribed by ten years only ; and prescription begins to run, in case of a minor, from his majority only.

Fifth—Even if plaintiff's claim be not fully made out, there being no contradictory evidence, the judgment should have been one of nonsuit only.

*S. Belden* for Defendants and Appellees:

First—A community between the parties cannot bind the husband, unless the money went into the community.

Second—Mrs. Kelsey's declaration cannot be evidence against her husband.

Third—The mere fact that Mrs. Kelsey is cashier for her husband does not make her his agent as to her transactions with other persons.

Fourth—The prescription of three, five and ten years applies even after his majority.

Fifth—The prescription applies, regardless of his age, from date of deposit.

————

The opinion of the Court was delivered by

FENNER, J. Plaintiff sues for $1140 with interest, alleged to have been deposited by him with the defendants, out of his earnings from 1859 to 1868, for safe-keeping and subject to the obligation of returning the same.

We gather from the evidence that plaintiff, left an orphan at the age of thirteen, was taken charge of by defendants and received, as a member, into their family. In 1859, at the age of about seventeen years, he found occupation as a railroad employee, and, with the exception of three years during the war, was so engaged, though still considering the house of defendants as his home, until 1868, when he married and their relations ceased. He earned wages, increasing gradually, from $50 to $140 per month. Under the advice of Mrs. Kelsey, he deposited with her the surplus of his earnings above necessary expenses to be laid up, as she suggested, "for a rainy day." The evidence satisfies us that the amounts so deposited with her certainly aggregated as much as the sum claimed; and as the answer is a general denial and no offsets are pleaded or claimed, the liability to that extent must be taken as established, unless there are legal defenses to the demand. The suit was originally against the husband and wife *in solido,* but was dismissed as against the wife, and is now urged against the husband alone as a community debt. The defenses are threefold, viz:

1st. The prescriptions of three and five years. Evidently they do not apply to this claim, which is not a loan but an irregular deposit, and

56

only barred by the prescription of ten years. The action was brought within ten years from the date of plaintiff's majority, and was, therefore, within the term. Prescription is suspended by minority, except in cases otherwise provided by law, and as to this prescription no such provision is made. Rev. C. C. 2522; Becklain vs. Henderson, 23 An. 447; 11 La. 62; 10 An. 575; 6 An. 109; 13 An. 340.

2d. That the claim being based on an alleged contract with a minor, cannot be enforced. This objection is only available to the minor and not to the person dealing with him. Rev. C. C. 1791.

3d. That judgment cannot be recovered against the husband as head of the community, because the dealing was with the wife alone. The evidence is clear that the husband was cognizant of the dealing, knew that his wife was receiving plaintiff's money and made no objection to it. This is equivalent to authorization. The money is presumed to have enured to the benefit of the community, and there is no countervailing proof or suggestion. It was a debt contracted during the marriage and must be acquitted out of the community fund. Rev. C. C. 2403. See, also, Chaix vs. Villejoin, 7 La. 277; Scanlan vs. Warwick, 10 An. 30.

We are not altogether favorably impressed by this claim. Its staleness is not satisfactorily explained, and we are at a loss to understand why the offsets, which might have been justly claimed by defendant, were not pleaded.

But on the case as presented by the pleadings and evidence, the law undoubtedly entitles plaintiff to a judgment; and although the judge a quo thought otherwise, he favors us with no reasons for his opinion, and it is certainly not sustained by the law and evidence.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed, and it is now decreed that plaintiff have judgment against the defendant, H. L. Kelsey, for the sum of eleven hundred and forty dollars with legal interest thereon from judicial demand and with costs in both courts.

Rehearing refused.