## No. 11,872.

## SUCCESSION OF PETER BIRBA.

The claim of the opponent for the amount deposited is supported by the acknowledgment of the debtor.  The opponent was industrious and economical, and during many years entrusted the depositary with her earnings.

He received the amount claimed as an agent;  it is not subject to a prescription of less than ten years.

The bill of exception does not contain evidence sufficient to support the inference that counsel improperly prompted the witness by reference to a memorandum.

The record does not disclose that there was a failure to comply with the court's order in matter of oyer of checks.

The facts all point to the forgery charged; the court can not assume because of the timid character of the alleged forger that he must have been coerced into acknowledgments of guilt; there being no evidence of record of any attempt to intimidate him.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor; J.*

*Frank McGloin* for Miss A. Barti, Opponent, Appellee.

*J. B. Rosser, Jr.*, for Estate of Birba, Appellants.

Argued and submitted February 12, 1896.
Opinion handed down March 9, 1896.

The opinion of the court was delivered by
BREAUX, J.   The succession of Peter Birba was opened and James Birba, his only heir, qualified as administrator.

After the property of the succession had been sold the administrator filed an account.   The account is opposed by a number of creditors.

The opponent, Angelina Barti, avers that the fee of the attorney for the administrator should be reduced to three hundred dollars and claims three thousand and ten dollars as an ordinary creditor and thirteen dollars and eighty-five cents as privileged creditor.

E. Carreras and others also oppose the account, claiming as creditors and opposing certain items of indebtedness carried on the account.

After trial the plea of prescription entered against Miss Barti was overruled and she was placed on the account as a creditor in the sum of three thousand and ten dollars.

The opposition of F. Orfilla and others was sustained in so far as to place them on the account as creditors in the sum of seven hundred and eight dollars, and the opposition of E. Carreras was sustained in so far as to place him upon the account as a creditor in the full sum of seven hudred and ninety two dollars.

The fee of the attorney was reduced to the sum of three hundred and fifty dollars.

The account was homologated as amended.

The administrator appeals from the judgment.

The opponent, Miss Birba, was a wage earner during many years,

and in addition to her wages, she, part of the time, collected rent on property she owned.

The evidence shows that she worked at different places for good wages; that she was always strictly economical.

The following is a copy of her account:

```
Debits 1. During the year 1888 ..................................................................................... $300
       2. February 10, 1890.................... ............................................................    406
       3. February 10, 1891.................................... ............... .....................    434
       4. April 2, 1891 .......................................... .....................................   1000
       5. February 2, 1892.....................................................................................    160
       6. January 1 or 5, 1893  ...............................................................................    940
       7. January 31, 1893...  ...............................................................................    200
                                                                                                            _____
    Total ....................................................................................................... $3440

Credits, January 9, 1890–1893, paid by Mr. LeBreton ....... ............... ... ..................... $400

    Balance due................................................................................................ $3040
```

A witness, entirely reputable, testifies that in 1893 Peter Birba said to him that opponent entrusted all her money to him, and that he felt bound to look after and protect her interest; he then had thirty-two hundred dollars to her credit, subject to a credit of four hundred dollars.

This credit appears on the account. The witnesses and the facts and circumstances, taken as a whole, sustain the correctness of this account. The contradictory statements of witnesses touching points, not material, in regard to this account, are not of such a character as to defeat the claim. Something was said, for instance, about her signing notes and other documents. While as a witness she testified that she could not read and write. No question was raised in this regard and no explanation sought. It was a matter of no importance, in the case, and was only an incidental statement of the witness which probably could have been explained. The other statements charged by the administrator with being contradictory and improbable are not any more damaging to the claim, and do not have any bearing upon the question at issue; while the claim itself is amply sustained by evidence worthy of weight.

While this witness was testifying that an amount claimed was due in answer to a question, counsel for administrator objected.

"Counsel for administrator objects to counsel reading from a memorandum not made by the witness."

The court overruled the objection, and the administrator had a note made in the note of evidence in lieu of a bill.

The objections are general in character. The bill is not sufficiently

42

full and certain; the supposed error is not pointed out in the manner required to disclose the objectionable ruling.

We are not informed that the counsel by reading intended to prompt the witness in answering, or that the memorandum related to any fact in regard to which the witness was testifying.

In Warner vs. Clark & Co., 45 An. 863, 870, this court directed attention to the importance of clearly and specifically pointing out the asserted error. Under the rule supported by that case we do not think we would be justified in remanding this case for another trial. There is less reason for excluding the answer of a witness entirely negative in character. If excluded it would not affect the issues of the case in any particular. It is entirely negative.

The debtor was an agent, and he received these different amounts as deposits in his hands for account of his principal. It was not an account, as generally understood between creditor and debtor, and subject to the prescription of three years; it was a personal claim founded upon the obligation under which the agent was placed of returning the amount received, to his principal. The personal action is subject only to the prescription of ten years. It is not subject to the prescription of three years pleaded.

The fee of the attorney for the succession was reduced by the District Judge.

We do not understand that further reduction is claimed.

The fee was reduced to an amount which we think is entirely reasonable and proper. There were a number of oppositions filed, and the estate was in such a condition as to render the services of importance and of value equal to the amount charged.

This brings us to the oppositions filed by a number of opponents, in which it is charged that the late Peter Birba forged the name of E. Carreras to various checks, and collected them from the People's Bank.

They pray for judgment against the succession of Birba for sums collected by Birba on these forged checks.

The administrator urges that the court erred in setting aside an order dismissing these oppositions, and reinstating these oppositions.

The administrator, through counsel, prayed *oyer* of the checks alleged to have been forged; the order of the court to produce checks not having been obeyed, the oppositions were dismissed, and subsequently these oppositions were reinstated as just stated.

Whatever merit there may have been in the objection, it can not avail the administrator, for the reason that no exception was taken to the court's action, and no attempt of any sort to obtain from the court an order rescinding the reinstatement of these oppositions.

The point was not contested below and the trial was proceeded with without objection. A ground of exception waived in the District Court can not be revived here.

Granted for a moment that the foregoing are not reasons sufficient, it remains that the litigant who desires to have a point of law reviewed on appeal must see that the facts upon which the point is based are made evident by the record; thus, if *oyer* is granted by the court's order, of alleged forged checks, and it does not appear that the time had elapsed within which they were ordered to be produced, the court will not hold that the evidence of the alleged forgery, in so far as relates to the checks, must be excluded and enter up a judgment for the amount of checks alleged forged.

Moreover, in the matter of settling a succession and homologating an account the court of the first instance is vested with a degree of discretion in permitting the filing of oppositions prior to the trial into which an appellate court should not lightly interfere.

The complaint was that Birba drew money from the bank by forging the checks of his employer.

It is urged by the administrator and one of the creditors (the latter interested in raising the question, because the succession is not solvent) that if there be any one to present a demand for the forgery charged and the collections made thereon, it is the bank and not the depositors.

It is a well established rule from which there should be no departure upon slight grounds that the banker who makes a payment upon the strength of a forged check must bear the loss as between himself and the depositor. But here the depositor has not chosen to exert any right against the bank.

The alleged forger and the bank are indebted *in solido*, if the bank's responsibility is within the rule just stated.

He who with another does an unlawful act is answerable *in solido*. C. C. 2324.

The depositor has a remedy against both.

It remains for us to determine whether there is any foundation for the claims of these opponents. The evidence in support of the

State ex rel. Marchand vs. Judge.

invalidity of the checks in question is uncontradicted.   The confidential relations which existed between the  employer and his clerk; the services incumbent upon  the  clerk  and  the duties performed; his utterances after it was discovered that checks had been forged and his expressed willingness to pay the amount of the checks support the opposition upon this point.   The theory of the administrator that it was timidity that influenced the acknowledgment and drove the clerk charged with  forgery to  his own destruction is not convincing.   There is no proof of  record that  he was threatened or that it was sought to frighten him  in  any  manner.  We would not be justified in assuming that he  was goaded to desperation and suicide by persecutions.

It is therefore ordered, adjudged and decreed  that the judgment appealed from be and the same is hereby affirmed.