SHORTESS, Judge.
Lynn Shatoska (plaintiff) filed suit against Rollen Davis (defendant), styling *73 his petition, “Petition For Damages and Return of Possessions.” Therein he alleged that he left certain possessions with defendant in October, 1978, for safekeeping, which defendant agreed to keep gratuitously. Defendant filed a peremptory exception of prescription to plaintiffs petition but attached no memorandum of authorities as required by the trial court’s rules. Defendant later withdrew his exception and, by order signed September 21, 1984, the trial court ordered the exception withdrawn without sanctions. Thereafter, plaintiff entered a preliminary default against defendant on November 5, 1984. On November 19, 1984, the default was confirmed. Testimony was taken. Plaintiff testified that he wanted his possessions or their value. The trial court gave a money judgment against defendant for $18,-830.00. Defendant took a devolutive appeal to this court.
Then defendant filed with us a peremptory exception pleading liberative prescription of one year as provided in LSA-C.C. art. 3492. Basically, defendant contends that the one-year liberative prescription began to run at the time he was alleged to have refused in 1980 to return to plaintiff the movable property in question. This suit was filed on March 12, 1984.
Defendant has raised no assignment of error nor complained of irregularity or other error relative to the judgment entered by the trial court on November 19, 1984. Accordingly, the only issue presented for our review is whether or not plaintiff’s claim has prescribed.
Our review of the record and the applicable law convinces us that the libera-tive prescription involved in this case is not that provided by LSA-C.C. art. 3492, but that provided by LSA-C.C. art. 3499.[1] Article 3499 provides that:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
The record established that defendant was a gratuitous depositor. Accordingly, the ten-year personal action prescription was applicable. This has long been the law in this State as set forth in such old cases as Berard v. Boagni, 30 La.Ann. 1125 (1878); Cousins v. Kelsey, 33 La.Ann. 880 (1881); and Succession of Birba, 48 La.Ann. 655, 19 So. 575 (1896). A depository’s obligation prescribes ten years from the time he is in default for not restoring a deposit. It was proven that defendant refused to return questioned movable property in 1980. Suit was filed in 1984, so prescription has not run.
For the reasons set forth above, the judgment of the trial court is affirmed at defendant’s costs.
AFFIRMED.

. This is the successor article to LSA-C.C. art. 3544.