524 So.2d 269 (1988)
Joseph BULOT and Rene Jacomine
v.
William JUSTICE and Raoul "Skip" Galan, Clerk of Court, 24th Judicial District Court, Parish of Jefferson.
No. 87-CA-764.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
Rehearing Denied May 17, 1988.
*270 W. Monroe Stephenson, New Orleans, for plaintiffs-appellees.
Joseph F. Roy, Metairie, for defendant-appellant.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
This is an appeal by the Clerk of Court of Jefferson Parish, from an adverse judgment in a suit to recover funds lost through ommissions of the Clerk's Office. Because we find no error on the part of the trial judge in holding the Clerk's Office liable, we affirm that portion of the judgment. However, because we also find that this judgment is erroneous in casting the individual clerks in judgment personally, as well as to interest, we amend it to exonerate the individual clerks and award additional interest in favor of plaintiffs.
Plaintiffs in this matter are Joseph Bulot and Rene Jacomine. Bulot and Jacomine were parties to a suit with one Donald Muller involving a sale of stock. On January 7, 1982, the trial judge ordered that the sum of $74,191.60, be placed by Muller into the registry of the court, pending the outcome of the litigation. A check in that amount, made payable to Bulot and Jacomine, was duly delivered to the Clerk of Court by Muller, but it was not endorsed by the payees. On receipt of the check, a notation was made on the record by the Clerk's Office as follows: "74,191.60 placed in reg. of Ct." At the conclusion of that case, the money was ordered released to Bulot and Jacomine. On August 24, 1984, when the money was requested from the Clerk, it was discovered that the check had never been deposited, and was still in the Clerk's file. Plaintiffs attempted to negotiate the check but it was returned NSF. It was later determined that Muller's account contained sufficient funds to cover the check until April 6, 1983, but that he had since gone bankrupt. On July 15, 1986, the present suit was filed, and a judgment was rendered against the Clerk for $74,191.60, with interest from date of judicial demand.
The Clerk now appeals, alleging:
1. That the funds were not in fact given to the Clerk for deposit because the check was not made payable to him; and
2. The claim is one arising in tort, and the one year prescriptive period bars this suit.
The plaintiffs have answered this appeal urging:
3. That interest should have been awarded from the date of original deposit, or alternatively, from the date when delivery of the funds was demanded.
The Clerk first proposes because the check was not made payable to him, he never actually received the funds, and therefore cannot be liable for losing them. In this court's opinion, the proposition inverts the question. It is stipulated that when the check was received, and for some fifteen months thereafter, Muller had sufficient funds in his account to cover the check. It is further shown that upon receiving the check, the Clerk, or someone in his office, noted on the record that the amount of the check had been received into the registry of the court. Under La.R.S. 13:474, the "registry of the court" is defined as the bank designated by the court as the fiscal agent for its district. Thus, on the face of the record in the prior action wherein the funds were ordered deposited, the Clerk acknowledged receipt and deposit of these funds. It was further established that the Clerk made no attempt to notify the court, the present plaintiffs, or their attorneys about any problem with the check, nor was anyone informed that the *271 Clerk had not in fact deposited $74,191.60, in the registry bank.
The above facts show conclusively that the only person, aside perhaps from Muller, who could possibly have known that the funds were not actually on deposit, was the Clerk. Moreover, the notation on the record that the funds were on deposit, and the Clerk's silence that there was any problem, absolved the plaintiffs and their attorneys of any obligation they may conceivably have had to look beyond that representation to determine if the funds were indeed in the bank.
Thus, while it is true that the Clerk never actually received the funds themselves, he did receive an instrument readily convertible into the funds by mere notification of the court or the payees that endorsements were required to complete the deposit. Yet not only did he fail to provide such notice, but he also erroneously noted on the record that the funds were in fact on deposit, thus preventing the parties from even suspecting that there was any problem.
On this showing, we can only conclude, as did the trial court, that the funds at issue were lost because of the Clerk's erroneous notation on the record and his failure to notify either the court or the parties of the problem with the check, and he is therefore liable to plaintiffs for those funds.
The second allegation by the Clerk is that any ommission on his part which may have caused the funds to be lost was an act of negligence, and therefore the one year prescriptive period for delictual actions applies. Because plaintiffs knew that the check was no good more than one year before filing of suit, he asserts that this action is barred by prescription. The law is otherwise.
In Shatoska v. Davis, 491 So.2d 72 (La. App.1986), the court held that an action against a depositary is a personal action subject to the ten year prescriptive period of Civ.Code art. 3499. The Clerk argues to the contrary that he is not in fact a contractual depositary in the present case because the court ordered deposit did not create any contractual relationship between him and the plaintiffs. He urges instead that he has only a legal relationship with plaintiffs, not a personal one, and therefore that the ten year prescription for personal actions does not apply.
We are not persuaded by this argument. Civil Code art. 2981, states that the judicial sequestrator "is subject to all of the obligations imposed in the case of conventional sequestration". Article 2976, states that the only distinction between deposit and sequestration is that sequestration may be had for not only movables, which are the objects of deposit, but of immovables as well. Article 2973 provides that when the "depositary" acts to receive objects which are claimed by two or more persons in litigation and holds them until conclusion of the case, he is called the "sequestrator". These articles make clear that all of the obligations of the Clerk toward the plaintiffs, as well as the nature of those obligations, must be viewed in the context of Book III, Title XIII of the Civil Code, dealing with Deposit and Sequestration. Applying those articles to the matter at hand, we can only conclude that the Clerk's obligations to plaintiffs are personal, as with conventional depositaries, and thus subject to the ten year prescription of Civ.Code art. 3499. We therefore hold that the exception of prescription urged by the Clerk was properly denied.
We also note at this juncture, that although the obligation is "personal" for prescriptive purposes, this does not mean that either Mr. Justice or Mr. Galan are individually liable for the judgment. A similar issue was raised in Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La. 1981). There, the court held that when an employee of a public official is held liable for damages, his employer is liable under the doctrine of respondeat superior, but only to the extent that the employer appears in his official capacity. This rule has now been codified at La.R.S. 42:1441.2 and 1441.3. This latter statute provides that the "master" of a public employee for purposes of La.Civ.Code art. 2320 (dealing with the liability of masters for acts of their servants), is the "particular political subdivision of which such individual *272 is a public officer, official, or employee." Although this addresses "liability for offenses and quasi-offenses", it is this court's opinion that the clear intent of the legislature was to protect public servants from all personal liability for any acts of their employees, and to make the office of the public servant liable instead, when the liability is imposed because of the master-servant rule of La.Civ.Code art. 2320. There was absolutely no evidence presented in this case to prove that either of the clerks were personally responsible for the problem that arose. Therefore we hold that even though the liability in the present case arises from a "personal" action to which the ten year prescription is applicable, it is the Office of the Clerk, and not the Clerks individually, which is liable. Thus, to the extent that the judgment appealed from casts Mr. Justice or Mr. Galan in judgment personally for damages, it is reversed.
The final issue concerns interest which is due on the judgment. Again, Civil Code art. 2948, provides that when money is the object of the deposit, the depositary owes no interest on those funds, "except from the day on which he became a defaulter by delaying to restore it." Plaintiffs bring to our attention La.R.S. 39:1231(A), which provides that when funds are deposited in the registry of court, any "interest earned on all such deposits" shall accrue to the person entitled to the funds. They urge that they are therefore entitled to interest from January 7, 1982, the day the check was delivered to the Clerk. We point out, however, that the above statute does not mandate that the Clerk place the funds in an interest bearing account; it only provides that any interest actually earned shall go to the prevailing party. Moreover, paragraph B of that same statute makes it mandatory that the Clerk deposit in interest bearing accounts, funds placed in the registry because of expropriation proceedings. Thus, although paragraph A, standing alone, might be read as implicitly mandating that all money in the court registry be placed at interest, when read together with paragraph B, it is clear that paragraph A is permissive rather than obligatory. Therefore, because no interest was earned on the funds from the time of delivery of the check until the Clerk defaulted in his obligation to return the funds, no interest is owing for that period. On the other hand, interest did begin to run on August 24, 1984, the date of the default as per Civil Code art. 2948, and we so hold.
We therefore amend the judgment of the trial court to dismiss William Justice and Raoul Galan individually from this suit, and to include judicial interest on the amount owed from August 24, 1984, until paid. In all other respects the judgment is affirmed.
AMENDED, AND AFFIRMED AS AMENDED.
KLIEBERT, Judge, concurring.
I concur in the results reached by the majority but not necessarily for the reasons stated in the majority opinion.