513 So.2d 504 (1987)
Obadiah J.K. SIMMONS and Rose M.V. Simmons, Plaintiffs-Appellees,
v.
Max YELVERTON, Defendant-Appellant.
No. 18962-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1987.
*505 Sanders & Sanders by Martin S. Sanders, III, Winnfield, for defendant-appellant.
Obadiah J.K. Simmons, in pro per.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Max Yelverton, appeals the decision of the trial court denying his peremptory exception of prescription and awarding $922 to the plaintiffs, Obadiah J.K. Simmons and Rose M.V. Simmons. For the following reasons, we affirm the decision of the trial court.

FACTS
This case was tried in the trial court on June 6, 1986. Testimony was taken and exhibits were filed into evidence. However, because no court reporter was present at the hearing there is no transcript available for our review. Nevertheless, the following facts are revealed by the record and the trial court's written reasons for judgment.
On July 5, 1982, the plaintiffs purchased a bedroom suite from Max's Discount Furniture Store, a business then owned and operated by the defendant, Max Yelverton. The total price of the furniture was $922. The plaintiffs placed the furniture on layaway and agreed with the defendant's employee who handled the sale that after the purchase price was paid the defendant would continue to hold the furniture in storage in the company warehouse until the plaintiffs wanted to claim it or until the defendant needed the warehouse space. Pursuant to the layaway plan, plaintiffs *506 made periodic payments, making the final payment on May 2, 1983.
In August, 1985, the plaintiffs attempted to pick up the furniture. At that time, they discovered that the defendant had gone out of business in early 1984 and the furniture was nowhere to be found.
On September 3 and 23, 1985, the plaintiffs contacted the defendant by registered mail and demanded delivery of the furniture or refund of the purchase price. The defendant failed to respond.
On December 30, 1985, the plaintiffs, representing themselves, filed suit against the defendant for $922. The plaintiffs later amended to increase the amount claimed to $1,494.15. This amount includes the purchase price of the furniture, plus $571.40 for court costs and expenses incurred in bringing the suit.
The defendant originally answered with a general denial and later filed a peremptory exception of prescription claiming this suit is based upon the common law tort of conversion and is subject to one year liberative prescription.
The exception was referred to the merits and the case was tried on June 6, 1986. At the conclusion of the trial, the case was taken under advisement. Thereafter, in written reasons for judgment handed down on August 26, 1986, the trial court ruled that plaintiffs were entitled to judgment against the defendant in the amount of $922, with legal interest thereon from January 2, 1986, until paid, and all costs of the proceedings. In its written reasons for judgment, the court found that the plaintiffs carried their burden of proving the purchase price of the furniture and the failure of the defendant to deliver the furniture upon request. The court also found that the plaintiff purchased the furniture with the agreement that the defendant would store the furniture "as long as necessary." The court found the defendant occupied the position of a depositary under LSA-C.C. Art. 2932 and, as such, the plaintiff's claim was not subject to prescription.
Judgment was signed on December 8, 1986, and on December 23, 1986, the defendant filed a devolutive appeal.
In his appeal, the defendant contends that the trial court erred in holding that, through the actions of an unnamed, unidentified employee, the defendant achieved the status of a depositary under LSA-C.C. Art. 2932. The defendant also asserts that the trial court erred in holding that the plaintiff's claim was not subject to one year liberative prescription under LSA-C.C. Art. 3492, but rather was "imprescriptible." Finally, the defendant argues that the trial court erred in finding that the plaintiffs were entitled to a refund of the purchase price, rather than damages amounting to the value of the furniture at the time of the loss.
The plaintiffs continue to represent themselves on appeal. They did not file an answer to the appeal, but contend, in their brief, that the trial court erred in not awarding them the additional sum of $571.40 which they claim they are entitled to recover for expenses incurred in bringing suit.

LACK OF TRANSCRIPT
Examination of the defendant-appellant's claims in this case is hampered by the lack of a transcript. LSA-C.C.P. Art. 2130 provides that a party may require that testimony be taken down in writing and the transcript will serve as the statement of facts of the case on appeal. LSA-C.C.P. Art. 2131 provides that if the transcript is not taken down in writing, then the parties may jointly agree to a narrative of facts to be submitted to the appellate court. If the parties cannot agree, the trial judge is to make a written narrative of the facts which shall be conclusive.
The appellant bears the burden of securing a narrative of the facts when there is no transcript of trial testimony. Succession of Walker, 276 So.2d 372 (La.App. 2d Cir.1973), writ granted 279 So.2d 691 (La.1973), affirmed 288 So.2d 328 (La.1974).
Where, as in this case, there is no transcript, no narrative of facts by the parties or by the trial judge, the judgment *507 of the trial court is presumed to be supported by competent evidence. Succession of Walker, supra; Bourque v. L.C. Electro-Comm. Inc., 460 So.2d 18 (La.App. 1st Cir.1984); Miller v. Miller, 480 So.2d 789 (La.App. 3rd Cir.1985), writ denied 481 So.2d 1337 (La.1986); Gulling v. E.I. Dupont de Nemours and Company, 228 So.2d 750 (La.App. 4th Cir.1969).
Said another way, review is limited to determining whether the trial court correctly applied the law to the facts it "found." Smith v. Gilmer, 488 So.2d 1143 (La.App. 2d Cir.1986). Those facts can often be gleaned from the trial court's written reasons for judgment. When a record contains written reasons for judgment by a trial judge which reveals substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts required by LSA-C.C.P. Art. 2131. Moity v. Guillory, 430 So.2d 1243 (La.App. 1st Cir.1983), writ denied 437 So.2d 1148 (La.1983); Robinson v. Jackson, 255 So.2d 846 (La.App. 2d Cir.1971), writ denied 260 La. 700, 257 So.2d 155 (1972), Paige v. Tregre, 283 So.2d 777 (La.App. 1st Cir.1973), writ not considered, 284 So.2d 335 (La.1983).
Therefore, in this case, due to the lack of transcript or formal narrative of facts, the presumption that the trial court decision is founded upon competent evidence will apply. Our review will be limited to whether the trial court correctly applied the law to its factual determinations as revealed in the court's written reasons for judgment. Smith v. Gilmer, supra.

DEPOSIT
The defendant claims the trial court erred in holding that through the actions of an unnamed, unidentified employee, the defendant achieved the status of a depositary. The defendant's argument has no merit.
A deposit is an act by which a person receives the movable property of another and binds himself, expressly or tacitly, to preserve the property and return it in kind. LSA-C.C. Art. 2926 and 2928; Harper v. Brown & Root, Inc., 391 So.2d 1170 (La.1980), on remand 398 So.2d 94 (La.App. 3rd Cir.1981). The principal requisites are mutual consent of the parties and delivery of the property. LSA-C.C. Art. 2932; Harper v. Brown & Root, Inc., supra.
The depositary is bound to use the same diligence in preserving the deposit that he would use in preserving his own property. LSA-C.C. Art. 2937. Once the owner of the property proves the existence of the contract of deposit and the loss of the deposited articles, there is a presumption that the depositary has not fulfilled his obligation to act as a prudent administrator and the loss resulted from the depositary's lack of care. Harper v. Brown & Root, supra; Mercer v. Columbia Equipment Company, Inc., 409 So.2d 1285 (La.App. 2d Cir.1982), writ denied 413 So.2d 507 (La.1982). The depositary then has the burden of exonerating himself from fault. Harper v. Brown & Root, supra.
In written reasons for judgment, the trial court found that the plaintiffs carried their burden of proving that they purchased the furniture from the defendant and that there was an agreement between the plaintiffs and the defendant's agent that the plaintiffs could leave the furniture in the possession of the defendant. No time limit was set. In addition, the plaintiffs made demand for the return of the furniture, and the defendant failed to comply.
Assuming these facts to be true, as we must, the trial court correctly found that the defendant was the depositary and was bound to preserve and return the furniture left with him by the plaintiffs. Because the defendant failed to return the furniture when demanded by the plaintiffs, the presumption arose that the furniture was lost through the fault of the defendant. There is nothing in the record before us indicating the defendant carried his burden of exonerating himself from fault.
Therefore, we must confirm the trial court's determination that a contract of deposit existed between the plaintiffs and *508 the defendant and that the deposited furniture was lost through the defendant's fault. Because the defendant did not exonerate himself from fault, he is liable to the plaintiffs for the loss of the furniture.

PRESCRIPTION
The defendant contends the trial court erred in overruling his exception of prescription. The defendant's peremptory exception of prescription claimed that plaintiffs' suit for damages resulting from the loss of the furniture was delictual in nature, because, in effect, the plaintiffs alleged conversion of the furniture by the defendant. The defendant argues that delictual actions are subject to one year liberative prescription as set forth in LSA-C.C. Art. 3492. That article specifies that the prescription of one year begins to run from the day the injury or damage is sustained.
The defendant contends that he sold and discontinued his furniture business in early 1984 and at that time ceased to have possession of the plaintiffs' furniture. The defendant contends that the one year period for liberative prescription began to run at that time and that the plaintiffs' suit, filed in December, 1985, was barred by prescription.
In support of his argument, the defendant cites Madden v. Madden, 353 So.2d 1079 (La.App. 2d Cir.1977), which held that a claim for conversion of property is subject to one year liberative prescription. While Madden does so hold, the defendant errs in contending that the action brought by the plaintiff in this case is founded in tort.
Plaintiffs' action is one in contract. This was a contract of deposit in which defendant was a gratuitous depositary (at least after the layaway payments were completed). The liberative prescriptive period applicable to a contract of deposit is ten years under LSA-C.C. Art. 3499, rather than the one year period provided by LSA-C.C. Art. 3492, as argued by the defendant. An argument similar to that made by the defendant was made in Shatoska v. Davis, 491 So.2d 72 (La.App. 1st Cir.1986), writ denied 494 So.2d 319 (La.1986). There, the court found that the law in this state concerning deposits is clear that the depositary's obligation prescribes ten years from the time he is in default for not restoring the property deposited with him.
Therefore, because the action in this case relates to a breach of a contract of deposit, the defendant's argument that the plaintiff's claim was barred by one year liberative prescription is meritless.
In the instant case, the record reveals that the plaintiffs first tried to recover the furniture from the defendant in August of 1985, the earliest point at which the ten year liberative prescription period could have commenced to run. Therefore, plaintiff's suit, filed in December, 1985, was clearly not barred by prescription. The trial court correctly overruled the defendant's peremptory exception of prescription.[1]

DAMAGES
Finally, the defendant claims the trial court erred in awarding the plaintiff the purchase price of the furniture.
The defendant apparently contends that the court should have based its award on the depreciated value of the property at the time the plaintiffs made their demand for its restitution. However, we note that the defendant has not suggested in brief, nor pointed to evidence in the record, as to what that value might be.
The depositary is bound to restore the precise object which it received. However, if he is unable to do so, he is responsible to the depositor for its value. Harper v. Brown & Root, Inc., supra. Under the facts of the present case, the plaintiffs established the value of the furniture through its purchase price. With no other evidence of value in the record for our review, and there being no evidence of any *509 depreciation of this bedroom suite, we find that the award made by the trial court was well within its discretion. Therefore, the trial court's award of damages will not be disturbed.
The plaintiffs, who represented themselves at trial, have continued to represent themselves on appeal. In their brief, they contend the award made by the trial court was too low. They argue that the trial court should have awarded them $571.40 in expenses for bringing this suit, in addition to the $922 awarded for loss of the furniture.
However, the plaintiffs failed to file an answer to the appeal as required by LSA-C.C.P. Art. 2133. That article provides that an appellee is not obliged to answer an appeal unless he desires to have the judgment modified, revised or reversed in part or unless he demands damages against the appellant. Arguments in brief seeking a change in a trial court judgment do not satisfy the requirements of LSA-C.C.P. Art. 2133 and therefore may not be considered by this court on appeal. Kel-Kan Investment Corporation v. Village of Greenwood, 418 So.2d 669 (La.App. 2d Cir.1982), reversed on other grounds 428 So.2d 401 (La.1983); Daigle v. Robinson Brothers, Inc., 368 So.2d 186 (La.App. 1st Cir.1979); Bustamante v. Manale, 397 So.2d 842 (La.App. 4th Cir.1981); Arrow Fence Company, Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir.1985), writ denied 468 So.2d 575 (La.1985).

CONCLUSION
For the reasons stated above, we affirm the judgment of the trial court in favor of the plaintiffs, Obadiah J.K. Simmons and Rose M.V. Simmons and against the defendant Max Yelverton. Costs of this appeal are assessed to the defendant.
AFFIRMED.
NOTES
[1] However, we do note that the trial court, in written reasons for judgment, stated that the plaintiffs' claim against a depositary is "imprescriptible." As stated above, the prescriptive period is ten years from the time the depositary is placed in default for nonreturn of the property.