583 So.2d 838 (1991)
Charles Edward USSERY, Appellee,
v.
Debbie Skains USSERY (Thomas), Appellant.
No. 22477-CA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
Rehearing Granted for Purpose of Assessing Costs August 21, 1991.
*839 Tyler & Johnson by Tommy J. Johnson, Shreveport, for appellant.
Stewart & Stewart by Jonathan M. Stewart, Arcadia, for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
STEWART, Judge.
Debbie Skains Ussery (Thomas) appeals the trial court judgment denying her Petition for Rule to Increase Child Support and decreasing the monthly child support payment for three minor children from $600.00 to $423.54. The judgment also ordered that respondent/appellee, Dr. Charles Edward Ussery, maintain health insurance for the three minor children of the marriage. Although not assigned as error appellant, in her brief, requests that she, rather than appellee, be ordered to maintain health insurance for the three minor children. We affirm in part and reverse in part.

FACTS
In January 1988 a judgment was issued granting joint custody of three minor children and designating Dr. Ussery, a dentist, as the domiciliary parent. On February 3, 1989, a Judgment Modifying Joint Custody Decree was signed by agreement. This judgment designated Debbie Skains Ussery Thomas as the domiciliary parent and ordered Dr. Ussery to pay $200 per month per child as child support and maintain medical insurance on the three minor children. On October 12, 1989, Debbie Skains Ussery Thomas filed a petition for rule to increase child support. The trial court denied the rule to increase child support, reduced respondent's total monthly payment from $600.00 to $423.54 and ordered that *840 the appellee, Dr. Ussery, maintain medical insurance on the three minor children.
Mrs. Thomas (Ussery) appeals, raising two issues for our consideration. The first is whether the trial court erred in denying appellant's petition to increase child support. The second issue is whether the trial court erred by reducing the child support obligation when no rule for reduction in child support was filed by Dr. Ussery.

DISCUSSION
With regard to the first issue, appellant asserts that denial of an increase in child support payments was manifest error where the trial court found a change in circumstances in which the childrens' needs had increased. We disagree.
Ordinarily, a consent judgment fixing child support may not be modified absent a showing of a substantial change in circumstances such as to support the modification. Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987); Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir. 1982).
In order for a trial court to amend a support order, a substantial change in the circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award must be shown. LSA-R.S. 9:311; Phillips v. Phillips, 569 So.2d 127 (La.App. 1st Cir.1990). See also, Mitchell v. Mitchell, 543 So.2d 128 (La.App. 2d Cir. 1989).
The trial court has wide discretion in determining the credibility of witnesses, and its factual determinations will not be disturbed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial court found a change in circumstances in that the needs of the children increased because they were older. The record reveals no manifest error in this factual determination. However, the record does not indicate any finding by the trial court that the changes noted were substantial enough to warrant an increase in the child support award. Less than nine months after agreeing to accept $600 as child support, appellant filed to increase this agreed amount. Appellant testified that the increased expenses resulted in large part from activities by the minor children such as cheerleading uniforms and camps, gifts for birthday parties, recreational activities, and transportation associated with extracurricular organizations. The trial court noted that both parents would spend more as the children got older but declined to find any extraordinary expenses. On this record, we cannot conclude that the trial court was clearly wrong in denying the appellant's request for an increase.
Appellant requests that this court order that she maintain the medical insurance on the children. The Petition for Rule to Increase Child Support alleges that the medical insurance provided by appellee was inadequate. Appellant testified that she and her spouse could provide medical insurance at a lower cost than could the appellee. However, the record contains no information on appellee's insurance premium costs. The trial court was therefore not clearly wrong in denying appellant's request to change this aspect of the February 1989 consent judgment. Accordingly, we find that the trial court was within its discretion in denying the appellant's petition.
We now consider whether the trial court erred by reducing the child support amount fixed in the February 1989 judgment. Appellant argues that evidence adduced regarding reduction of child support payments was inadmissible as outside the scope of the pleadings in which neither party requested a reduction. Appellee, on the other hand, asserts that appellant's entitlement to an increase in child support was not the sole issue before the trial court. According to appellee, the pleadings are directed to the issue of fixing support under R.S. 9:315, et seq., therefore, the trial court had no choice but to apply the statutory guidelines.
*841 We shall first outline jurisprudence which addresses the trial court's authority to render judgment on an issue not raised by the pleadings and to allow amendment of the pleadings to conform to the evidence.
A judgment rendered beyond the pleadings is a nullity. Romero v. State Farm Fire & Casualty Co., 479 So.2d 694 (La.App. 3d Cir.1985). The trial court has discretion under La.C.C.P. Art. 1154 to allow enlargement of the pleadings to conform to the evidence.
Under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when permission to amend the pleadings is requested and granted. La.C.C.P. Art. 1154.
Guillory v. Buller, 398 So.2d 43 (La.App. 3d Cir.1981). A timely objection, coupled with the failure to move for an amendment of the pleadings is fatal to an issue not raised by the pleadings. Gar Real Estate Insurance Agency v. Mitchell, 380 So.2d 108 (La.App. 1st Cir.1979); Guillory v. Buller, supra. If the evidence is admissible on the issues properly pleaded, the pleadings are not enlarged by its admission. Pond v. Campbell, 251 La. 921, 207 So.2d 535 (La.1968).
Article 1, Section 2 of the Louisiana Constitution of 1974 provides that no person shall be deprived of life, liberty, or property except by due process of law. The essentials of "due process of law" are notice and an opportunity to be heard and to defend in an orderly proceeding rules and principles established in our system adapted to the nature of the case. Littleton v. Littleton, 514 So.2d 248 (La.App. 5th Cir. 1987).
Louisiana Code of Civil Procedure Article 862 grants the trial court authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. However, nothing in the article is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it. Littleton, supra; Patrick v. Patrick, 227 So.2d 162 (La.App. 2d Cir.1969), writ denied, 255 La. 238, 230 So.2d 91 (La.1970).
The character of the action is fixed by the pleadings and the relief sought by the wife was a determination that an increase in child support was warranted. Having denied appellant's relief the trial court proceeded to adjudicate the issue of the propriety of a decrease in child support, a matter not regularly before it, and hence exceeded its authority.
We conclude that appellee is not entitled to a reduction in child support because he not only failed to demand this relief in his pleadings but also acted inconsistently with such relief and thereby improperly and substantially prejudiced appellant in the preparation and assertion of her case. See T.L. James & Company v. Kenner Landing, Inc., 562 So.2d 914 (La.1990).
Applying the reasoning in T.L. James, we note the following facts. The February 1989 judgment provided that, prior to June 1, 1989, either party may seek a change in domiciliary parenting. On June 30, 1989, appellee filed a petition to modify the February judgment. The substance of his petition requested an extension of the "July 1" [sic] deadline to August 15 so that the minor children could be psychiatrically evaluated to determine which parent should be the domicilliary parent according to the best interests of the children. This petition made no direct or indirect request to modify the agreed amount of child support. After appellee failed to file pleadings by August 22, 1989, appellant successfully moved to dismiss the July 1989 petition. At the onset of the trial on May 7, 1990, counsel for appellee informed the trial court that the only issue at bar was that of an increase, with the question of medical insurance to be handled as part of that issue. Appellee presented evidence of his financial status and that of his sole proprietorship dental practice. This evidence was relevant to the issue of increase in that, if appellant proved a substantial change in circumstances, the trier of fact would be required to determine whether appellee had the ability to pay more child support. *842 Therefore, evidence of appellee's financial condition did not enlarge the pleadings. Pond, supra. Appellee testified, over appellant's timely objection, that he would like the trial court to reduce his child support payment from $600 per month to $450 per month. Appellee neither requested nor was granted permission to amend the pleadings, and did not otherwise move to request a reduction. The only issue before the court was whether the February 1989 judgment should be modified to increase the child support award and to order appellant to maintain medical insurance on the children.
At no time prior to the close of appellant's case in chief was she placed on notice that a decrease in child support was a potential substantive result. Appellant reasonably could have concluded that she needed to show only a change in circumstances along with appellee's ability to pay an increased award. Consequently, appellant, reasonably believing the issue at bar pertained only to her petition to increase child support, was denied the opportunity to develop evidence of the effect of a reduction upon the interests of the minor children.
It is clear from LSA-R.S. 9:315.1 B that the legislature did not intend an incongruous result such as this judgment in which a mechanical application of the statutory guidelines results in the reduction of an agreed child support obligation even though the trial court found that the expenses of the children had increased.[1]
We agree that § 315 et seq. requires the trial court to apply the guidelines. We believe, in contrast to appellee, that the guidelines are to be applied to the issues at bar, but should not be used to place an issue before the court which has not been raised by either party. The legislature specifically stated that "[t]he enactment of [the guidelines] shall not for that reason alone be considered a change in the circumstances of either party." LSA-R.S. 9:315.11. The mere enactment of the statutory guidelines does not mandate a reduction in the child support award, under the circumstances of this case.
When we view the constitutional requirements of due process, in conjunction with statutory and jurisprudential limitations upon trial court discretion, we conclude that, under these facts, that part of the judgment rendered beyond the pleadings is manifestly erroneous. Accordingly, we amend the judgment to delete any reference to a reduction in child support.

CONCLUSION
There was no manifest error in denying appellant's request to increase child support and order her to maintain medical insurance. However, the trial court's unilateral decrease in the amount of child support was manifest error. Therefore, the judgment of the trial court is amended to delete any reduction in child support payments.
AFFIRMED IN PART, REVERSED IN PART AND AMENDED.

ON REHEARING
Before MARVIN, HIGHTOWER, VICTORY, BROWN and STEWART, JJ.
PER CURIAM
Appellant, having filed for rehearing within the delay allowed by LSA-C.C.P. Art. 2166 and having requested that the rehearing be granted for the limited purpose of assessing costs of appeal, we hereby grant the rehearing for this limited purpose. Accordingly, we render judgment to read as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that costs of appeal be assessed equally between the *843 parties in accordance with LSA-C.C.P. Art. 1920.
NOTES
[1] § 315.1. Rebuttable presumption; deviation from guidelines by court; stipulations by parties

. . . . .
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties....