685 So.2d 454 (1996)
John Thomas BORDEN and Ludell Borden, Plaintiffs-Appellants
v.
WEST CARROLL PARISH POLICE JURY, Defendant-Appellee.
No. 28967-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
*455 Kenneth A. Brister, Lake Providence, for Appellants.
Cotton, Bolton, Hoychick & Doughty, L.L.P. by David P. Doughty, Rayville, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
GASKINS, J.
John Thomas Borden and Ludell Borden appeal from a trial court judgment which sustained peremptory exceptions of no cause of action to enforce a settlement agreement and no cause of action for a possessory action and, consequently, dismissed their suit with prejudice. We reverse and remand.

FACTS
On May 3, 1995, the Bordens filed suit against the West Carroll Parish Police Jury for matters pertaining to Borden Road, a right of way on their property which they claimed encroached upon their cotton field. They contended that the police jury had attempted to expand the right of way, against their wishes, from 13 feet to 32 feet. In their petition, the Bordens sought to enforce an April 1994 agreement whereby the defendant agreed to move the right of way to run adjacent to the eastern boundary of their tract and fill in a ditch to the west of the right of way. They asserted that the defendant began performance of the agreement in May 1994 by filling in one ditch, digging *456 another, and starting to move the gravel bed of the right of way. However, according to the plaintiffs' petition, the defendant then informed them that it had changed its mind about honoring the agreement. The plaintiffs also sought a ruling that the right of way should only be 13 feet wide. Alternatively, they asserted a possessory action. The plaintiffs requested damages for mental anguish, reasonable attorney fees, lost rent on the part of their property they were no longer able to farm, and survey costs.
In response, the defendant filed three peremptory exceptions. The first one was an exception of one year prescription under La. C.C. arts. 3492 and 3493 for delictual actions and damages to immovable property. The defendant contended that the alleged wrongful acts asserted in the plaintiffs' petition actually occurred not in 1994, but in 1993. The defendant also asserted an exception of no cause of action as to the possessory action based upon the plaintiffs not filing suit within one year of the disturbance, as required by La.C.C.P. art. 3658(4). In support of this, the defendant contended that the only alleged disturbance in possession occurred in May and June 1993. Finally, the defendant asserted an exception of no cause of action to enforce a settlement agreement because, under La.C.C. art. 3071, such an agreement must be in writing or cited in open court to be enforceable.
On November 30, 1995, a hearing was held on the exceptions. Testimony was apparently given by several witnesses; however, the record contains no transcript of this proceeding. According to assertions in the Bordens' reply brief, no court reporter was present. The record also fails to contain a narrative of facts under La.C.C.P. art. 2131.
On February 5, 1996, the trial court issued written reasons for judgment. It sustained the exception of no cause of action to enforce a settlement agreement because the agreement was not in writing as required by La. C.C. art. 1839. The court also sustained the exception of no cause of action as to the possessory action, finding that the defendant had first dug out the existing ditch in the spring of 1993. Since suit was not filed until May 1995, more than one year after the disturbance in possession, the possessory action was untimely.[1] The court declined to rule on the exception of prescription, finding that such a ruling was not necessary where there were no claims of trespass or any evidence to support the same. Suit was dismissed with prejudice at plaintiffs' cost. From this judgment, the plaintiffs appeal.

DISCUSSION
In ruling on the exceptions of no cause of action, the trial court obviously considered evidence outside of the plaintiffs' petition. The Bordens contend that this was error.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords any remedy to the plaintiff under the allegations of the petition. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Darville v. Texaco, Incorporated, 447 So.2d 473 (La.1984); Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188. For purposes of the determination, the allegations of the petition are accepted as true, and any doubts are resolved in favor of the sufficiency of the petition. Weber, supra. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931.
See Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La.App. 3d Cir. 1976), writ refused, 339 So.2d 351 (La.1976), wherein that court held that evidence admitted without objection at a pretrial hearing on an exception of no cause of action cannot be considered in deciding the exception.
The defendant should not be permitted by the exception of no cause of action *457 to penetrate the plaintiffs' allegations in their petition. This is the function of a motion for summary judgment, however, and not that of an exception of no cause of action. Mayer, supra. The exception to this rule is found in Boykin v. Foster, 493 So.2d 731 (La.App. 2d Cir.1986), where this court held that if both the plaintiffs and the defendants presented evidence on an exception of no cause of action without objection, then both sides consented to the consideration thereof and the pleadings are thus deemed expanded. In the interest of judicial economy, the court found that a remand would only lead to "a reconsideration of the same evidence under the guise of a different label." However, in that case, the record was obviously more complete than the one presently before us and apparently contained a transcript. In the instant case, we have neither a transcript nor a narrative of fact, and, without same, are in no position to determine whether or not the plaintiffs objected to the presentation of evidence on the exceptions of no cause of action.
Ordinarily the lack of a transcript or a narrative of fact is imputable to the appellant. St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1st Cir.1982). In cases where factual issues are involved, and the record on appeal contains no transcript, nor a narrative of the facts, the court applies the presumption that the trial court's judgment is supported by competent evidence and affirms the judgment. St. Pierre v. St. Pierre, supra. However, the instant case does not involve factual issues; rather, it involves testing the legal sufficiency of the plaintiffs' petition. Thus, we are unable to apply the aforementioned presumption to affirm the judgment of the trial court.
We are cognizant that a motion for summary judgment may garner the same results as initially reached by the trial judge. However, where the record is silent as to the plaintiffs' position concerning the presentation of evidence on an exception upon which evidence is statutorily prohibited, we must look solely at the plaintiffs' pleadings to determine whether a cause of action has been stated.
Our examination of the plaintiffs' petition demonstrates that they have adequately stated a cause of action for a possessory action under La.C.C.P. art. 3658. Furthermore, the allegations of the petition do not support a conclusion that the asserted agreement between the plaintiffs and the defendant was necessarily a compromise under La.C.C. art. 3071, as asserted by the defendant, or a transfer of immovable property under La. C.C. art. 1839, as found by the trial court. Therefore, we find that the trial court improvidently granted the defendant's exceptions of no cause of action, and we reverse.

CONCLUSION
The judgment of the trial court sustaining the defendant's exceptions of no cause of action is reversed. The matter is remanded to the trial court for further proceedings. In accordance with La.R.S. 13:5112, we assess costs of this appeal against the defendant in the amount of $114.50.
REVERSED AND REMANDED.
NOTES
[1] While this reasoning by the trial judge sounds like a response to a prescription exception, the exception of prescription was specifically raised by the defendant only as to any claims for damages made by the plaintiffs. The trial judge was clearly addressing the requisite element for a possessory action under La.C.C.P. art. 3658(4) that the possessor must prove the possessory action was instituted within a year of the disturbance. The court could not supply the objection of prescription since it must be specifically pleaded. La.C.C.P. art. 927.