694 So.2d 589 (1997)
Judy Carolyn McGaha CREECH, Plaintiff-Appellee,
v.
Carles Alfred CREECH, Defendant-Appellant.
No. 29499-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
*590 Charles R. Joiner, West Monroe, for Defendant-Appellant.
McIntosh, Fox & Lancaster by John M. Lancaster, for Plaintiff-Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
GASKINS, Judge.
The appellant, Carles Alfred Creech, appeals from a trial court judgment finding him to be voluntarily underemployed, increasing his monthly child support payment and ordering him to pay for a car for his daughter. For the following reasons, we affirm the trial court judgment.

FACTS
The appellee, Judy Carolyn McGaha Creech, and Mr. Creech were married in 1972. Two children were born of the marriage. The parties physically separated on June 27, 1993. At that time, one child had reached the age of majority and the other child, Jodi Ladell, was still a minor.
Mrs. Creech filed a petition for divorce against Mr. Creech on July 21, 1993. A consent order was filed September 13, 1993, requiring Mr. Creech to pay the mortgage note, insurance and upkeep on the former family home or, if the plaintiff and minor child moved out of the house, to pay $450 per month. Mr. Creech was to maintain health, dental and life insurance on the child, pay the child $150.00 per month in child support and to buy the child a car when she obtained her driver's license. Mr. Creech also agreed to pay insurance, gas and maintenance on the car to be purchased.
A judgment of divorce was rendered on March 14, 1994. At that time, the consent order was amended to allow Mr. Creech to refinance the former family home. The order was also amended to provide that he would purchase a car for the child six months after her fifteenth birthday. The order continued in effect in all other respects.
On November 15, 1994, Mrs. Creech filed a petition for contempt and past due child support, alleging that Mr. Creech failed to purchase a car for the child, failed to pay the child $150 per month in support and failed to pay the additional $450 per month in support after Mrs. Creech and the child moved out of the former family home on July 31, 1994. Mrs. Creech also alleged that her former husband failed to maintain health and dental insurance on the minor child and that he also failed to pay all other health, dental and optical expenses not covered by insurance.
Mr. Creech claimed that on September 17, 1994, he lost his job after eleven years and was drawing unemployment compensation of $181 per week. Therefore, the child support and other obligations set forth in the previous decree should be changed, modified and refixed under the child support guidelines of La. R.S. 9:315 et seq. He further argued that he offered his daughter two vehicles and that she refused them both. He contended that his daughter was not mature and competent enough to have an automobile.
A judgment was entered on March 9, 1995, ordering Mr. Creech to pay $5,690 in past due child support, plus twenty percent attorney fees. His monthly child support obligation was reduced to $363.50, and he was ordered to continue to pay for the child's health insurance.
On August 2, 1995, Mr. Creech filed a motion to extend and specify visitation. Mr. Creech contended that he was still without a *591 job and was no longer receiving unemployment compensation. Therefore, he sought a further reduction in his child support obligation.[1]
On October 4, 1995, Mrs. Creech filed another rule for past due child support, to recover medical, dental and optical expenses for the child and to have Mr. Creech found in contempt for failure to pay child support and his child support arrearage. Mrs. Creech also sought enforcement of the requirement that Mr. Creech purchase a car for the minor.
A hearing on these matters was held on January 25, 1996, but no transcript appears in the record. The trial court filed written reasons for judgment on March 22, 1996. The court noted that the issues of visitation and rescission of the community property settlement were ruled upon in open court. Regarding Mr. Creech's monthly child support obligation, the court found that he is voluntarily underemployed. The court examined Mr. Creech's past income for the years 1991-1994 and determined that his earning potential is $36,244.57 per year. The court then noted Mrs. Creech's yearly income and applied the child support guidelines of La. R.S. 9:315 et seq. to set Mr. Creech's child support obligation at $426.40 per month, an increase from the prior judgment.
The court noted that Mr. Creech had not paid his monthly child support obligation timely and failed to maintain insurance on the minor child as previously ordered by the court. The court further found that Mr. Creech failed to reimburse his former spouse for medical expenses she was required to pay for the child resulting from Mr. Creech's failure to maintain insurance. The court found Mr. Creech in contempt and ordered him to serve thirty days in the parish jail, specifying that he could "purge himself" by conforming to the court's order.
Regarding the purchase of the automobile for the child, the court noted that a suitable vehicle for the child would cost approximately $9,000. The court also noted that in 1995, in oral reasons for judgment, Mr. Creech had been ordered to pay $2,640.00, representing eleven months of past due car payments and operating expenses for a vehicle for his daughter. Therefore, in the present judgment, the court gave Mr. Creech a $2,640.00 credit from the previous hearing and ordered him to pay his former wife $6,360.00, to satisfy the obligation to purchase a car for his minor daughter. The court further ordered Mr. Creech to pay Mrs. Creech $500.00 for attorney fees. Judgment in the matter was filed May 23, 1996. Mr. Creech now appeals the judgment.

LACK OF TRANSCRIPT
Mr. Creech has failed to furnish this court with a transcript of the hearing conducted on January 25, 1996. Further, he has failed to furnish a narrative of facts signed by the parties or prepared by the trial court. La. C.C.P. art. 2130 provides:
A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.
La.C.C.P. art. 2131 provides:
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.
The law is clear that the appellant bears the responsibility of securing a narrative of facts where there has been no transcript of testimony made during a trial. Fontenot v. Flaire, Inc., 26,055 (La.App. 2d Cir. 8/17/94), 641 So.2d 1062; State, Through Louisiana Division of Health and Human Resources v. Simmons, 542 So.2d 1150 (La. App. 2d Cir.1989); Simmons v. Yelverton, 513 So.2d 504 (La.App. 2d Cir.1987). The *592 lack of a transcript or narrative of fact is imputable to the appellant. Borden v. West Carroll Parish Police Jury, 28,967 (La.App. 2d Cir. 12/11/96), 685 So.2d 454; West Consolidated Company, Inc. v. Creole Fisheries, 616 So.2d 268 (La.App. 2d Cir.1993). In cases where factual issues are involved, and the record on appeal contains no transcript, nor a narrative of facts, the court applies the presumption that the trial court's judgment is supported by competent evidence, that it is correct and the judgment is affirmed. Succession of Rock v. Allstate Life Insurance Co., 340 So.2d 1325 (La.1976); Raia v. WWL-TV, 247 La. 1095, 176 So.2d 390 (1965); Borden v. West Carroll Parish Police Jury, supra; West Consolidated Company, Inc. v. Creole Fisheries, supra.
Said another way, review is limited to determining whether the trial court correctly applied the law to the facts it found. Those facts can often be gleaned from the trial court's written reasons for judgment. When a record contains written reasons for judgment by a trial court which reveal substantially all of the material testimony, and the record is sufficiently complete to permit consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts required by La.C.C.P. art. 2131. Simmons v. Yelverton, supra; Robinson v. Jackson, 255 So.2d 846 (La.App. 2d Cir.1971), writ denied 260 La. 700, 257 So.2d 155 (1972). In the present case, although the trial court filed into the record written reasons for judgment, those reasons do not set forth any of the evidence or testimony adduced at the hearing on January 25, 1996. Therefore, the trial court's reasons for judgment cannot be considered in lieu of the narrative of facts in this case.
On appeal, Mr. Creech argues that the trial court erred in finding that he was voluntarily underemployed, that his earning potential was $36,244.57 per year and in failing to grant him a reduction in his monthly child support obligation. Mr. Creech also argues that the trial court erred in granting Mrs. Creech an increase in child support where she did not plead for nor request such an increase. Mr. Creech argues that his former wife was required to plead for an increase and to make a showing of a change of circumstances justifying the increase. Mr. Creech further contends that the trial court committed reversible error in granting Mrs. Creech a money judgment for the purchase of an automobile for the minor child.
The determination of whether Mr. Creech was entitled to a reduction in child support or was voluntarily underemployed and the issue of whether Mrs. Creech was entitled to a money judgment for the purchase of a car for the minor child are factual questions. Since there is no transcript, no narrative of facts by the parties or by the trial court, and the written reasons for judgment do not reveal substantially all of the material testimony, we must apply the presumption that the trial court judgment is supported by competent evidence and is correct. Therefore, those portions of the trial court judgment are affirmed.
Mr. Creech also argues that the trial court improperly granted the plaintiff an increase in child support where she failed in her pleadings to request an increase. La. R.S. 9:315.1(A) provides that the child support guidelines are to be used in any proceeding to establish or modify child support. However, the guidelines are to be applied to the issues at bar, but should not be used to place an issue before the court which has not been raised by either party. Ussery v. Ussery, 583 So.2d 838 (La.App. 2d Cir.1991). We recognize that a judgment rendered beyond the pleadings is a nullity. Ussery v. Ussery, supra. However, the trial court has discretion under La.C.C.P. art. 1154 to allow enlargement of the pleadings to conform to the evidence. Under proper circumstances, proof beyond the pleadings, even if objected to, may be admitted and considered when permission to amend the pleadings is requested and granted. La.C.C.P. art. 1154. A timely objection, coupled with failure to move for an amendment of the pleadings, is fatal to an issue not raised by the pleadings. Ussery v. Ussery, supra. Under La.C.C.P. art. 862, the trial court is given authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. However, *593 nothing in the article is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it. Ussery v. Ussery, supra.
In Ussery, the former wife filed a petition seeking an increase in child support. In his pleadings, the former husband did not request a reduction however, he testified at trial, over the former wife's timely objection, that he wished the trial court to grant a reduction in his child support obligation. The trial court granted the reduction even though the former husband failed to request permission to amend the pleadings. This court found that, under those circumstances, the trial court was manifestly erroneous in rendering judgment beyond the pleadings.
In the present case, because the appellant has failed to provide this court with a transcript of the hearing in this matter, we cannot determine whether the appellant timely objected to evidence regarding an increase in child support or whether the pleadings were enlarged at trial. As stated above, where the appellant fails to furnish this court with a transcript or a narrative of facts by the parties or the trial court, the lack of a transcript is imputed to the appellant, the trial court judgment is presumed to be supported by competent evidence and is presumed to be correct. Therefore, we affirm that portion of the trial court judgment granting an increase in child support to Mrs. Creech.

CONCLUSION
For the reasons stated above, the trial court judgment is affirmed in all respects. Costs of this appeal are assessed to the appellant, Carles Alfred Creech.
AFFIRMED.
NOTES
[1] Mr. Creech also sought to rescind the community property partition based on fraud. This claim was rejected by the trial court and that part of the trial court's judgment is not raised in this appeal.