BROWN, Chief Judge.
_JjThe Louisiana Board of Ethics appeals from a judgment denying its petition to disqualify Simmie T. “Slim” Brown as a 2014 candidate for Chief of Police for the Village of East Hodge. For the following reasons, we affirm.

Facts

On August 22, 2014, Brown filed a notice of candidacy for the office of Chief of Police for the Village of East Hodge, which is in Jackson Parish, Louisiana. In that notice, Brown affirmed, inter alia, that:
*242 11. I do not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics.
On August 29, 2014, the Louisiana Board of Ethics (“Board”) filed in the Second Judicial District Court, Jackson Parish, a petition objecting to Brown’s candidacy. The Board alleged that Brown’s assertion that he owed no fees pursuant to the Code of Governmental Ethics was false; specifically, the Board asserted:
7. On July 23, 2013, the BOE issued an order making final and absolute an assessment of late fees on Simmie T. “Slim” Brown for failure to timely file a 2010 Tier 3 Annual Personal Financial Disclosure Statement by March 9, 2012. The BOE ordered Simmie T. “Slim” Brown to pay $1,500 in late fees for the failure to timely file the required personal financial disclosure statement.... La. R.S. 42:1157A(l)(d) states “When ah delays for a request or waiver or appeal of late filing fees have expired, a final order of the Board of Ethics or its staff shall become exec- . utory and may be enforced as any other money judgment.”
8. On July 23, 2013, the BOE issued an order making final and absolute an assessment of late fees on Simmie T. “Slim” Brown for failure to timely file a 2011 Tier 3 Annual Personal Financial Disclosure Statement by February 1, 2013. The BOE ordered Simmie T. “Slim” Brown to pay $1,250 in late fees for the failure to timely file the required personal financial | ^disclosure statement_ La. R.S. 42:1157A(l)(d) states “When all delays for a request or waiver or appeal of late filing fees have expired, a final order of the Board of Ethics or its staff shall become executory and may be enforced as any other money judgment.”
The Board attached copies of these assessments to its petition. The Board alleged that pursuant to La. R.S. 18:492(A)(6), the outstanding fees owed to the Board provided a ground for its action objecting to Brown’s candidacy and urged the district court to disqualify Brown.
After a problem with service upon the defendant was cured on September 8, 2014, the matter was upset until September 11, 2014, when the case was tried. This appellate record contains no transcript of the trial. The Clerk’s Certificate at the end of the appellate record indicates in part that “AT THE REQUEST OF APPELLANT’S ATTORNEY, NO TRANSCRIPT OF TESTIMONY WAS FILED.”
According to the minutes of court for the trial date:
Aaron Brooks, attorney present on behalf of plaintiff. Mr. Simmie Brown defendant present in proper person. Objection to candidacy to be taken up today. Evidence filed, witnesses heard (Ann Walsworth and Simmie Brown). Objection denied. Dismissed by Judge.
The appellate record contains various copies of communications from the Board to the defendant notifying him of the above-mentioned fees. Some of these documents are marked with exhibit numbers and dates filed, but none are stamped “admitted” nor are there other indicia showing which, if any, of the documents were actually admitted into evidence.
|sOn September 12, 2014, at 2:48 p.m., the district judge signed the following judgment:
This matter came for hearing on a petition for rule to show cause on the 11th of September, 2014. The evidence was introduced and the matter was submit *243 ted to the Court. The Court, after considering the law and evidence rules as follows:
IT IS ORDERED, ADJUDGED AND DECREED that Simmie T. “Slim” Brown is NOT disqualified from running for the office of Chief of Police, Village of East Hodge, Jackson Parish in the November 4, 2014, election, as he believed he filed a waiver request with the Louisiana Board of Ethics and he had no intent to answer the qualification application that he had no outstanding fines and fees due. There being no intent on his part to be dishonest on the qualifying application.
The Board fax-filed a notice of appeal that day. The trial judge granted the Board’s motion for appeal on September 15, 2014, at 3:50 p.m., fixing the return date for the appeal at an unspecified time on September 16, 2014. The appeal record arrived at this Court at 1:59 p.m. on September 16, 2014.

Discussion

On appeal, the Board raises four assignments of error:
1. The District Court erred when it failed to sustain the Objection to Candidacy in reference to Simmie T. “Slim” Brown.
2. The District Court Erred when finding that Mr. Brown reasonably believed that his mere filing of a waiver request absolved him of all past fines, fees and penalties.
3. The District Court erred by finding that Mr. Brown lacked the “intent to answer the qualification application” as required by Louisiana law in order to run for elected office and thus making the application process meaningless.
4. The District Court erred when it found Mr. Brown had a lack of intent “to be dishonest” as such is not required by
Louisiana law and in light of the objective and contradictory evidence of his own testimony and his written letter of a “waiver request.”
|4With all of these arguments, the Board generally urges that the district court erred in refusing to disqualify Brown as a candidate because he owed outstanding fees at the time he qualified. See, e.g., Louisiana State Bd. of Ethics v. Garrett, 06-0263 (La.App.4th Cir.03/21/06), 929 So.2d 176.
An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on specific grounds which may include that the defendant does not meet the qualifications for the office he seeks in the primary election. La. R.S. 18:492 provides, in part:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
[[Image here]]
(6) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).
Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. Landiak v. Richmond, 05-0758 (La.03/24/05), 899 So.2d 535; Russell v. Goldsby, 00-2595 (La.09/22/00), 780 So.2d 1048. Further, a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections as to promote rather than defeat candidacy. Any doubt concerning the qualifications of a candidate should be resolved in favor of *244 allowing the candidate to run for public office. Landiak, supra.
| ¡-.Although a plaintiff challenging a candidate’s qualifications bears the burden of proving that the candidate fails to meet the requirements, once the party bearing the burden of proof has established a pri-ma facie case, the burden shifts to the opposing party to present sufficient evidence to overcome the other party’s prima facie case. Morton v. Hicks, 46,991 (La. App.2d Cir.09/28/11), 74 So.Bd 268, writ denied, 11-2140 (La.09/30/11), 71 So.3d 297.
The appellant bears the responsibility of securing either a transcript or a narrative of facts; therefore, an inadequacy in the record is imputable to the appellant. Saldana v. State Farm Mut. Auto. Ins. Co., 39,094 (La.App.2d Cir.12/15/04), 889 So.2d 1170; Creech v. Creech, 29,499 (La.App.2d Cir.05/07/97), 694 So.2d 589; Borden v. West Carroll Parish Police Jury, 28,967 (La.App.2d Cir.12/11/96), 685 So.2d 454.
In its brief, the Board describes the various exhibits in this record and asserts that they were admitted into evidence and further recites its recollection of the testimony at trial, asserting that the defendant made various admissions of fact to the trial judge. However, there is no way for this Court to verify those assertions in the absence of a transcript.
In Creech, supra at 592, this Court explained:
In cases where factual issues are involved, and the record on appeal contains no transcript, nor a narrative of facts, the court applies the presumption that the trial court’s judgment is supported by competent evidence, that it is correct and the judgment is affirmed. Said another way, review is limited to determining whether the trial court correctly applied the law to the facts it found. Those facts can often be gleaned from the trial court’s written reasons for | (-judgment. When a record contains written reasons for judgment by a trial court which reveal substantially all of the material testimony, and the record is sufficiently complete to permit consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts required by La. C.C.P. art. 2131. (Citations omitted).
In this case, the reasons for the trial court’s judgment were stated in the judgment but those reasons cannot serve as a narrative of facts. In the absence of a transcript, this Court cannot determine which of the various documents in this record were properly offered and admitted into evidence. Thus, this Court cannot determine whether the Board made a pri-ma facie case that Brown was disqualified from candidacy due to any outstanding fees. Accordingly, we are constrained to affirm the judgment of the district court.
AFFIRMED.