Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,131-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA,                          Plaintiff-Appellant
DEPARTMENT OF CHILDREN
AND FAMILY SUPPORT, CHILD
SUPPORT ENFORCEMENT

versus

DEBRANDON CORTEZ JONES                       Defendant-Appellee

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 14-5528

Honorable Charles B. Adams, Judge

* * * * *

STATE OF LOUISIANA, DEPARTMENT          Counsel for Appellant
OF CHILDREN AND FAMILY SUPPORT,
CHILD SUPPORT ENFORCEMENT
By: Michael Tate

DEBRANDON CORTEZ JONES                   In Proper Person

LABRESHA SHAR'NA WILLIAMS                In Proper Person

* * * * *

Before WILLIAMS, GARRETT, and THOMPSON, JJ.

**GARRETT, J.**

The plaintiff, the State of Louisiana, Department of Children and Family Services ("DCFS"), Child Support Enforcement, appeals a judgment of the trial court refusing to reinstate an order for child support and medical support against the defendant, DeBrandon Cortez Jones, and ordering Jones and Labresha Williams, the mother of the children, to seek marriage counseling. For the following reasons, we reverse the trial court judgment and remand for further proceedings.

## FACTS

On March 19, 2014, Jones signed a stipulation under La. R.S. 46:236.7, agreeing to pay the DCFS $364 per month, effective April 19, 2014, for two of his children, DeBrandon Jones, Jr., born March 9, 2011, and D'Jayden Jones, born March 30, 2012. It appears from the record that Williams is the mother of these children. Jones also agreed to include the children on his health and dental plan at his employment. On April 2, 2014, the trial court signed an order memorializing the stipulation.

In April 2018, the DCFS filed an ex parte motion to suspend the medical support and child support obligation, asserting that Williams, the custodial parent of the children, filed a request that her case for child support and medical support be closed. The request for closure document executed by Williams recited, "DeBrandon Jones and I are back together and he takes care of his kids." A representative of the DCFS signed a certificate of suspension of child support enforcement, averring that the DCFS was not furnishing child support services to Williams and was not providing Family Independence Temporary Assistance Program ("FITAP") benefits or Medicaid benefits for the children. On April 6, 2018, the trial court signed

an order granting the ex parte motion, suspending the judgment of April 2, 2014, effective March 20, 2018.

In November 2018, the DCFS filed against Jones and Williams a rule and order to show cause why a medical support obligation in this case for DeBrandon Jr. and D'Jayden should not be modified to include a child support obligation. The rule indicated that the custodial parent had reapplied for child support services. It asked that a cash medical support award be issued until Jones could secure and maintain health care insurance at a reasonable cost.

A report to a judicial hearing officer listed the issues at the hearing to be a modification of child support to add a third child, a reinstatement of child support, and a cash medical award. The report indicated that Jones and Williams had a third child, D'Kaisen Jones, born October 12, 2016. According to the report, Williams was receiving Supplemental Nutrition Assistance Program ("SNAP") benefits for herself and three children and had applied for reinstatement of child support services. An obligation worksheet, prepared and signed by a DCFS worker, listed all three children and specified that Jones was receiving workers' compensation benefits. The worksheet suggested that a monthly child support obligation of $206.82 be paid by Jones for all three children.[1]

The trial court minutes show that a hearing on the rule was held on December 5, 2018. However, no transcript of the hearing was furnished with this record. It does not appear that a transcript exists. The initial page

---

[1] The worksheet specified that Jones was paying $213 per month for a preexisting child support obligation.

of the appellate record, prepared by the district court clerk of court's office, contains the following notation: "No Court Reporter in DSS court."

According to the minutes, the parties were present at the hearing. Neither party was represented by counsel. It appears that only one witness, Kylee Barber, testified at the hearing. The state's brief indicates that this witness was the DCFS caseworker.[2] There is no indication what the witness said in her testimony.

On January 14, 2019, the trial court signed a judgment denying the request for reinstatement of child support based upon its finding that the parties were legally married and had not filed for divorce. The court ordered both parties to seek counseling, from a pastor of their choice, concerning marriage and raising children. The trial court did not furnish written reasons for judgment. The judgment appeared to be a form judgment, possibly generated by the district attorney's office on behalf of the DCFS. The elements of the judgment appear to have been checkmarked by computer, not by the hand of the trial court judge. The DCFS appealed.

## DISCUSSION

The DCFS argues that the trial court erred in denying child support and medical support awards in this case based upon its finding that the parties were legally married and had not filed for divorce. The DCFS also argues that the trial court erred in ordering Jones and Williams to seek marriage counseling. Under the unique circumstances of this case, these arguments have merit.

---

[2] The witness's last name is spelled "Barber" in the trial court minutes. In the brief filed by the DCFS, the witness's last name is spelled "Barker." The obligation worksheet, referenced above, was prepared by Kylee Barker. The correct spelling is unclear.

The standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. *State, Dep't of Soc. Servs. ex rel. D.F. v. L.T.*, 2005-1965 (La. 7/6/06), 934 So. 2d 687. *See also Reeves v. Reeves*, 36,259 (La. App. 2 Cir. 2002), 823 So. 2d 1023; *State ex rel. Dep't of Children & Family Servs. v. Peters*, 2014-1800 (La. App. 1 Cir. 6/5/15), 174 So. 3d 1200.

It is notable here that no transcript was made of the proceedings below. La. C.C.P. art. 2130 states:

> A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.

La. C.C.P. art. 2131 provides:

> If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.

The law is clear that the appellant bears the responsibility of securing a narrative of facts where there has been no transcript of testimony made during a trial. *Creech v. Creech*, 29,499 (La. App. 2 Cir. 5/7/97), 694 So. 2d 589; *Fontenot v. Flaire, Inc.*, 26,055 (La. App. 2 Cir. 8/17/94), 641 So. 2d 1062; *State, Through La. Div. of Health and Human Resources v. Simmons*, 542 So. 2d 1150 (La. App. 2 Cir. 1989); *Simmons v. Yelverton*, 513 So. 2d 504 (La. App. 2 Cir. 1987). The lack of a transcript or narrative of facts is imputable to the appellant. *Creech v. Creech*, *supra*; *Borden v. West Carroll Parish Police Jury*, 28,967 (La. App. 2 Cir. 12/11/96), 685 So. 2d 454; *West*

4

*Consol. Co., Inc. v. Creole Fisheries*, 616 So. 2d 268 (La. App. 2 Cir. 1993). In cases where factual issues are involved, and the record on appeal contains no transcript, or narrative of facts, the court applies the presumption that the trial court's judgment is supported by competent evidence, that it is correct, and the judgment is affirmed. *Succession of Rock v. Allstate Life Ins. Co.*, 340 So. 2d 1325 (La. 1976); *Raia v. WWL-TV*, 247 La. 1095, 176 So. 2d 390 (1965); *Creech v. Creech, supra; Borden v. West Carroll Parish Police Jury, supra; West Consol. Co., Inc. v. Creole Fisheries, supra. See also Willis v. Letulle*, 597 So. 2d 456 (La. App. 1 Cir. 1992); *St. Pierre v. St. Pierre*, 425 So. 2d 254 (La. App. 1 Cir. 1982); *Strange v. Imperial Pools, Inc.*, 520 So. 2d 1039 (La. App. 3 Cir. 1987), *writ denied*, 522 So. 2d 565 (La. 1988); *Yokum v. Court of Two Sisters, Inc.*, 2006-0732 (La. App. 4 Cir. 11/21/06), 946 So. 2d 671.

When a record contains written reasons for judgment by a trial judge which reveal substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts. *Simmons v. Yelverton*, 513 So. 2d 504 (La. App. 2 Cir. 1987).[3]

Ordinarily, when an appellant fails to furnish a transcript, written narrative of fact, or written reasons for judgment, the failure is imputed to the appellant, the judgment is deemed to be based upon competent evidence,

---

[3] La. C.C.P. art. 1917 provides in part:

In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the mailing of the notice of the signing of the judgment.

and is affirmed. Although the trial court judgment in this case was arguably based, in part, upon whatever testimony was adduced below, and a fact determination was made based upon that testimony, this case also contains errors of law which require a reversal of the trial court judgment and a remand for further proceedings.

Parents have a duty to support, maintain, and educate their children under La. C.C. art. 224, and this obligation cannot be permanently renounced or suspended. *See St. Cyr v. St. Cyr*, 2016-0896 (La. App. 1 Cir. 2/21/17), 215 So. 3d 283, *writ denied*, 2017-0511 (La. 3/31/17), 217 So. 3d 357. Children should not be deprived of necessary and needed support from a noncustodial parent. The overriding factor in determining the amount of child support is the best interest of the children. *Earle v. Earle*, 43,925 (La. App. 2 Cir. 12/3/08), 998 So. 2d 828, *writ denied*, 2009-0117 (La. 2/13/09), 999 So. 2d 1151.

La. R.S. 46:236.1.2 gives the DCFS a separate cause of action to seek to obtain and modify family and child support orders from a noncustodial parent when the DCFS is providing services to those entitled to support. This cause of action does not require the institution of divorce proceedings. La. R.S. 46:236.1.2(D)(1) provides:

> *The department*, except when it is not in the best interest of the child, *may without the necessity of* written assignment, subrogation, tutorship proceedings, or *divorce proceedings take direct civil action*, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, *to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart*. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the

6

> department shall be designated as payee. Additionally, the
> department may take direct action to modify an order or
> judgment of support, including actions to increase or decrease
> support, in any case in which the department is providing
> services pursuant to this Subpart. A separate and distinct cause
> of action in favor of the department is hereby created, and
> suits brought under this provision need not be ancillary to or
> dependent upon any other legal proceeding. [Emphasis
> supplied.]

If Jones and Williams were, in fact, married and had not filed for divorce, this would in no way bar the DCFS from seeking to obtain child support and medical support from the noncustodial parent under the circumstances presented in this matter. Based upon La. R.S. 46:236.1.2, the trial court erred in denying child support and medical support because it found that Jones and Williams were legally married and had not filed to obtain a divorce.

Also, there was no legal basis for the trial court's requirement that Jones and Williams seek marriage counseling. The statement in the trial court judgment, that the parties are legally married, is the only indication in this sparse appellate record regarding marriage between the father and mother of these children. We note that the information for service of process for Jones and Williams listed separate addresses, indicating that they were not living together, whether they were married or not.

The DCFS cites provisions of the Covenant Marriage Act, La. R.S. 9:272 et seq., providing that parties can sue for child support while living separate and apart, although not judicially separated. We observe that, even if the parties had a covenant marriage, which imposes the most stringent requirements on terminating a marriage in this state, there is no provision in that law requiring the parties to file for divorce or undergo marriage

7

counseling before seeking child support. *See Johnson v. Johnson*, 2014-0564 (La. App. 1 Cir. 12/23/14), 168 So. 3d 641.

The record contains a worksheet prepared by the DCFS setting forth a recommendation for the amount of child support and medical support to be paid by Jones. However, even though the DCFS sought a cash medical support award, there is no indication of the proper amount for that award in this record. According to La. C.C.P. art. 2164, the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. In the interest of protecting and providing for these children, we determine that the trial court judgment, denying child support and medical support to the children, must be reversed. We also remand the matter to the trial court for further proceedings to determine, based upon the law, whether child support and medical support should be paid and if so, the proper amount. The DCFS is instructed to ensure that those proceedings are transcribed by a court reporter, or the DCFS must obtain from the trial court either a written narrative of facts or written reasons for judgment revealing substantially all of the material testimony upon which the judgment is based. If an appeal is necessary in the future, this court will have some basis to review the proceedings below.

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court denying the request of the State of Louisiana, Department of Child and Family Support, Child Support Enforcement, to reinstate an order of child support against DeBrandon Cortez Jones, and ordering Jones and Lebresha Williams to seek marriage counseling. The matter is remanded to the trial

8

court for further proceedings consistent with this opinion.  Costs in this court

are assessed to DeBrandon Cortez Jones.

**REVERSED AND REMANDED.**