I,GASKINS, J.
The plaintiff, Jackson Parish Bank, appeals from a trial court judgment finding that the bank had no cause of action against the heir of Mrs. Lucille Meredith, on a promissory note executed after Mrs. Meredith’s death, and that the bank’s cause of action had prescribed. For the following reasons, we affirm the trial court judgment.
FACTS
On October 29, 1952, E.L. Meredith, Jr. and his wife, Lucille Meredith, executed a collateral mortgage note for $8,500.00, secured by a mortgage on immovable property in Jonesboro, Louisiana. The mortgage was reinscribed at regular intervals. Lucille Meredith died on May 15, 1980. On February 4, 1992, Mr. Meredith executed a promissary note for $6,730.00, payable to himself. He pledged the 1952 collateral mortgage note as security for the note. The note was given to the bank and, although it is unclear from the record, it appears that Mr. Meredith died without making any payments on the 1992 promissory note.
On May 1, 1996, the Jackson Parish Bank (the bank) filed the present suit against JoCille Meredith Coleman, as provisional administratrix of the succession of E.L. Meredith, Jr. The petition alleged that the succession owed the bank $6,730.00, plus 12% interest and 25% attorney fees. The bank claimed a lien and privilege on the immovable property and sought to have it seized and sold without benefit of appraisal in satisfaction of the debt.
On February 23, 2000, the bank filed a supplemental and amended petition naming Ms. Coleman as a party defendant, in her individual Incapacity. The bank alleged that Lucille Meredith was a co-debt- or on the 1992 note with her husband, E.L. Meredith. Therefore, the bank claimed that Ms. Coleman was also liable for the debt, as the heir of her mother’s estate.
On April 26, 2000, Ms. Coleman filed exceptions of prescription and no right of action. She alleged that the prescriptive period on a promissory note is five years under La. C.C. art. 3498. The note at issue was executed in February 1992 and the bank did not add Ms. Coleman as a defendant until April 2000. Mrs. Coleman also alleged that Mrs. Meredith was deceased when the 1992 note was executed and therefore Mr. Meredith could not bind her or her estate on the note. Therefore, the bank had no right of action against Ms. Coleman, as the heir of Mrs. Meredith.
In an attempt to remedy the exceptions, on May 19, 2000, the bank filed a second supplemental and amended petition. The bank alleged that at the time of Mrs. Meredith’s death, $2,972.00 was owed on the original collateral mortgage note.
On June 19, 2000, Ms. Coleman filed exceptions of no cause of action and prescription. She reurged her argument on prescription and continued to argue that there was no cause of action against her because her mother did not sign, the 1992 note, which was executed many years after her mother’s death.
A hearing on the exceptions was held on September 11, 2000. On February 23, 2001, the trial court signed a judgment sustaining the |sexceptions of no cause of *1075 action and prescription. The bank appealed, asserting several assignments of error.
NO CAUSE OF ACTION
The bank contends that the trial court erred in ruling that it had no cause of action. The bank claims that, because $2,972.00 was owed on the original collateral mortgage note at the time of Mrs. Meredith’s death, her estate was responsible for any promissory notes that used the collateral mortgage note as security. This argument is without merit.
The collateral mortgage is a form of conventional mortgage developed by Louisiana practitioners. This mortgage does not directly secure an existing debt, but is designed to create a mortgage note for a fictitious debt that can be pledged as collateral security for a real debt. Because the mortgagor, after executing the collateral mortgage and the collateral mortgage note, pledges the collateral mortgage note as security for a debt, usually represented by a separate hand note, the collateral mortgage scheme combines the security devices of pledge and mortgage. Texas Bank of Beaumont v. Bozorg, 457 So.2d 667 (La.1984); Mingledorff v. American Bank and Trust Company in Monroe, 420 So.2d 468 (La.App. 2d Cir.1982).
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Cleco Corporation v. Johnson, 2001-0175 (La.9/18/01), 795 So.2d 302; Rambo v. Willis-Knighton Medical Center, 34,864 (La.App.2d Cir. 6/20/01), 793 So.2d 254. No evidence |4may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial. Cleco Corporation v. Johnson, supra. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and the supreme court should subject the case to de novo review because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition. Cleco Corporation v. Johnson, supra.
If both the plaintiff and defendant present evidence on an exception of no cause of action, then both sides consent to the consideration thereof and the pleadings are thus deemed expanded. Borden v. West Carroll Parish Police Jury, 28,967 (La.App.2d Cir.12/11/96), 685 So.2d 454.
In the present case, in the original petition, the bank sought to recover on the 1992 promissory note only against the succession of E.L. Meredith, Jr. In the supplemental and amending petition, the bank sought to assert a claim against Mrs. Meredith, through her heir, Ms. Coleman. The bank claimed that, because Mrs. Meredith signed the collateral mortgage note in 1952, she was liable on all promissory notes secured by the collateral mortgage note and mortgage. The bank claimed that the collateral mortgage note was periodically reinscribed. It also alleged that there was a balance due on the note when Mrs. Meredith died, further adding viability to the mortgage and collateral mortgage note. It is important to note, however, | [¡that the bank is not seeking payment on the 1952 collateral mortgage note, but only on the balance due on the 1992 promissory note. We also note that Ms. Coleman, as representative of her father’s succession, does not contest his liability for the 1992 note.
*1076 Attached to the pleadings were copies of documents establishing the execution of the collateral mortgage note in 1952, and the reinscription of the collateral mortgage note. Also attached was a copy of Mrs. Meredith’s death certificate, showing that she died in 1980, many years before the execution of the note at issue here in 1992. At the hearing, the documents were discussed and no objection was entered to their consideration by the trial court.
The bank alleged that Mrs. Meredith’s succession was completed and that Ms. Coleman had been put in possession of the estate and therefore was personally liable for the debt as heir of her mother’s estate. Interestingly, on appeal, the bank does not address the fact that Mrs. Meredith did not sign the 1992 note and, in fact, had been dead for a number of years when the note was executed. The bank, in its brief, argues somewhat misleadingly as follows:
A promissory note was created on February 4, 1992, for the amount of $6,730.00 which used the collateral mortgage as security. Mr. Meredith has since defaulted on said note and now the makers of the collateral mortgage note are liable to Jackson Parish Bank for the $6,730.00 plus interest at the rate of 12% per annum from maturity until paid, together with 25% additional on both the interest and principal as attorney’s fees and for all costs associated with this matter. Mrs. Meredith has since died and Mrs. Coleman is Admin-istratrix of her estate, and therefore responsible for Mrs. Meredith’s debts. [Emphasis supplied.]
IfiThe bank has offered no legal authority supporting its position that Mrs. Meredith, through her heir, Ms. Coleman, was responsible for the 1992 debt.
The pleadings and attachments show that Mr. Meredith alone signed the 1992 note and he alone pledged the 1952 collateral mortgage note as security for the debt. Mr. Meredith could not bind his wife on the debt or the pledge after her death and he had no authority to bind her estate or heirs. To follow the argument advanced by the bank would mean that a person could endlessly bind the estate of a deceased spouse for debts incurred after the spouse’s death. Such a result is inequitable and defies logic. We find that, because Mrs. Meredith did not sign the 1992 promissory note at issue here, and in fact had been dead for many years when the note and pledge were executed, she was not liable on the note and her heir is not responsible for the debt. See and compare First Guaranty Bank v. Alford, 366 So.2d 1299 (La.1978).
Therefore, the trial court correctly sustained Ms. Coleman’s exception of no cause of action. Because we find that the bank has no cause of action against Ms. Coleman, it is unnecessary to consider the bank’s objection to the trial court’s finding that the claim against Ms. Coleman was barred by prescription.
CONCLUSION
For the reasons stated above, we affirm the trial court action sustaining the exception of no cause of action by the defendant, JoCille Meredith Coleman. The claims of the plaintiff, Jackson Parish Bank, are 17dismissed with prejudice. Costs in this court are assessed to the plaintiff, Jackson Parish Bank.
AFFIRMED.
Before NORRIS, C.J., WILLIAMS, STEWART, GASKINS, and PEATROSS, JJ.
| limited rehearing granted.
On rehearing, the plaintiff, Jackson Parish Bank, urges this court to clarify the judgment rendered by the trial court sustaining exceptions of prescription and no *1077 cause of action filed by the defendant, Succession of E.L. Meredith, Jr. We grant the rehearing application for the limited purpose of clarifying the trial court judgment. We armed the judgment of the trial court to provide that the exception of no cause of action filed by the defendant, JoCille Meredith Coleman, as it pertains to the succession of her mother, is rendered moot. This disposition comports in all respects to the original opinion of this court rendered in this case. The application for rehearing is denied in all other respects.