999 So.2d 117 (2008)
Gloria BELL, Plaintiff-Appellee,
v.
PATTERSON INSURANCE COMPANY, C. James Cooper, Agent, and Tracy Coleman, Defendants-Appellants.
No. 43,750-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
Walter F. Clawson, Shreveport, for Appellants.
Frank V. Zaccaria, Jr., for Appellee.
Before BROWN, STEWART, and CARAWAY, JJ.
BROWN, Chief Judge.
The Louisiana Insurance Guaranty Association ("LIGA") appeals from the trial *118 court's denial of its motion to set aside a judgment in favor of Gloria Bell and against Tracy Coleman and her insurance carrier, Patterson Insurance Company. LIGA also asks this court to find that Bell has no cause of action against it. For the following reasons, we affirm.

Facts and Procedural History
The procedural course of this case is fatiguing. On June 14, 2001, Gloria Bell filed a petition for damages against Tracy Coleman and her insurer, Patterson Insurance Company ("Patterson"). On February 3, 2003, a trial was held in the Shreveport City Court. On April 25, 2003, in a short written opinion, the court found in favor of Bell and against the defendants, and set damages against defendants in the amount of $5,298. A judgment, however, was not signed and filed until almost one year later on March 16, 2004. Notice of judgment was served on Patterson through its attorney on March 18, 2004. Approximately ten months later, on January 24, 2005, LIGA filed a motion to set aside the April 25, 2003, judgment and notified all parties and the court that Patterson entered into bankruptcy, with an insolvency date of March 17, 2003.
On February 4, 2005, LIGA's attorney sent a letter to the city court asking the court to:
"Please cancel the hearing for the referenced case, We withdraw our Motion to Set Aside Judgment."
Then on May 18, 2007, LIGA filed a motion to reset its January 24, 2005, motion to set aside judgment. The trial court denied LIGA's motion allowing the judgment in favor of Gloria Bell to stand.

Discussion
The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts of the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Jackson Parish Bank v. Succession of Meredith, 35,286 (La.App.2d Cir.10/31/01), 800 So.2d 1073, writ denied, 02-0004 (La.03/15/02), 811 So.2d 911. This court on its own can notice a no cause of action. See La. C.C.P. art. 927.
LIGA has never been a party to this lawsuit and made an appearance to set aside the judgment against Patterson Insurance Company without a substitution of parties or an intervention. Ten months after the notice of judgment was served (and a year and ten months after the opinion was rendered), LIGA filed its motion to set aside. LIGA has no cause of action to file this motion.

Conclusion
For the reasons set forth above, the trial court's denial of LIGA's motion to set aside judgment is AFFIRMED. Costs of this appeal are to be paid by LIGA.